Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Attorney for Plaintiffs DISH Network L.L.C.
and Sling TV L.L.C.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C. and SLING TV L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>VANEET SHARMA and ASTRO VASTU SOLUTIONS LLC,<br><br>Defendants. | Case No. 3:24-cv-00961-JSC<br><br>**DECLARATION OF KEVIN GEDEON** |

I, Kevin Gedeon, of Englewood, Colorado declare as follows:

1. I make this declaration based on personal knowledge and, if called upon to testify, would testify competently as stated herein.

2. I have been employed by Plaintiff DISH Network L.L.C. ("DISH") as part of its Signal Integrity Department since 2003, currently serving as the Manager of Fraud Investigations. I am responsible for investigating piracy, i.e., unauthorized reception, retransmission, or viewing, of the television programming that DISH and co-Plaintiff Sling TV L.L.C. ("Sling") provide to their subscribers, including investigations of internet streaming television services that capture and retransmit that programming.

3. Plaintiffs provide television programming to several million authorized, fee-paying subscribers of their Sling TV and DISH Anywhere services by transmitting channels to them using

the internet. Plaintiffs hold rights to transmit the channels pursuant to license agreements between DISH and programming providers. The programming aired on the channels is subject to copyright protections and Plaintiffs are authorized by the programming providers to protect them. Plaintiffs implement digital rights management technology, with the consent of the programming providers, to protect the channels from unauthorized access and copying.

4. Channels that originated from Plaintiffs were retransmitted without authorization on Defendants' internet streaming television service, Sharma IPTV (the "Service"), as established in the declarations of Nigel Jones, Gregory Duval, and Yves Remillard. Plaintiffs lose revenue from Defendants sale of the Service because Defendants assist their Service users to receive Plaintiffs' channels without paying a subscription fee to Plaintiffs. Determining the amount of Plaintiffs' lost revenue is impractical because the following, for example, are generally unknown:

  a. the number of Service users that would have purchased legitimate access to the channels by acquiring a subscription from Plaintiffs;

  b. how long those Service users would have remained authorized subscribers to Plaintiffs' services;

  c. the specific channels received by those Service users to identify the cost of the corresponding subscription package offered by Plaintiffs and any extra programming fees.

5. Defendants also harm Plaintiffs' business reputations and goodwill, which are built on and depend on delivering television programming to authorized subscribers in a secure manner. Defendants assist users of their Service in receiving Plaintiffs' channels without authorization and thus harm Plaintiffs' reputations and interfere with Plaintiffs' contractual and prospective business relationships, including DISH's relationship with programming providers that license the channels. Calculating Plaintiffs' reputational harm is inherently difficult, if not impossible.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 5TH, 2024.

Kevin Gedeon