Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Attorney for Plaintiffs DISH Network L.L.C.
and Sling TV L.L.C.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C. and SLING TV L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> VANEET SHARMA and ASTRO VASTU SOLUTIONS LLC, <br><br> Defendants. | Case No. 3:24-cv-00961-JSC <br><br> **DECLARATION OF YVES REMILLARD** |

I, Yves Remillard, of Englewood, Colorado declare as follows:

1. I make this declaration based on personal knowledge and, if called upon to testify, would testify competently as stated herein.

2. I am a licensed private investigator with more than twenty-five years of experience performing investigations in the television industry. I worked for the Motion Picture Association and Bell Canada prior to joining NagraStar LLC ("NagraStar") in 2023, where I am currently employed as a Senior Investigator. NagraStar provides security technology used to protect Plaintiff DISH Network L.L.C. ("DISH")'s satellite transmissions of television programming from piracy, i.e., unauthorized reception, retransmission, or viewing. I am responsible for investigations relating to the piracy of DISH programming as well as the programming of DISH's affiliate and co-Plaintiff, Sling TV L.L.C. ("Sling").

*Defendants' Sharma IPTV Service*

3.      NagraStar tasked Toltec Investigations LLC, Lynx Investigations LLC, and Xpera Risk Mitigation & Investigation LP to make undercover purchases of the Sharma IPTV service (the "Service") from Defendant Vaneet Sharma ("Sharma") using the contact information on the flyer attached as Exhibit 1. These purchases of the Service are identified in the declarations and exhibits of Michael Jaczewski, Gwendolyn Arguello, and Jeff Timmermans.

4.      Sharma distributes the flyer advertising the Service in Indian temples, restaurants, and shops, including within the Bay Area. (Arguello Decl. Ex. 1 at 12-14; Timmermans Decl. Ex. 1 at 4.) The Service is advertised on the flyer as a subscription-based service providing more than 10,000 live channels, sports programs, movies, and pay-per-view events, among other content, at prices ranging from approximately $10 to $15 per month. The flyer also emphasizes attracting users that may otherwise subscribe to legitimate television services such as the satellite-based services provided by DISH, stating "NO Cable/Dish Needed."

5.      Defendants also tout themselves online as "the most sought IPTV service provider" because "[o]ur data centers are strategically located in Danville and across the USA and Canada to bring the live streaming without any delay or freeze," as shown in an advertisement for the Service posted on the website trivalleydesi.com, a screenshot of which is attached as Exhibit 2.

6.      Users can access the Service with their own hardware or purchase a set-top box from Defendants for an extra fee. Defendants provide users that purchase only the Service a portal URL to access the channels retransmitted on the Service. (Jaczewski Decl. Ex. 1 at 9-13.) If the user, however, purchases the Service in conjunction with a set-top box, Defendants provide the user with a set-top box that is pre-configured with a portal URL to access the channels retransmitted on the Service. (Arguello Decl. Ex. 1 at 19; Timmermans Decl. Ex. 1 at 4-9.) Defendants activate and control access to the Service through the portal URL and the MAC address of the user's set-top box or other device that will be connected to the Service, as shown by Sharma's statements "Service start now" and "Service started. All channels added." (Jaczewski Decl. Ex. 1 at 12; Timmermans Decl. Ex. 1 at 12-13.)

7.      Sharma processes payments received from his sale of the Service and set-top boxes

through his company, co-defendant Astro Vastu Solutions LLC ("AVS"). (Arguello Decl. Ex. 1 at 15-19; Timmermans Decl. Ex. 1 at 5-7, 17-19.) AVS is a California limited liability company, as shown in the articles of organization attached as Exhibit 3. Sharma is identified as the CEO and sole member of AVS in the statements of information attached as Exhibit 4. AVS's principal office address is also Sharma's home address, as shown in Exhibit 3 and the background report on Sharma that is attached in relevant part as Exhibit 5.

8. Defendants' Service has drawn numerous complaints from consumers, including customer service-related complaints that resulted in an F rating with at least one Better Business Bureau, as shown in the screenshots attached as Exhibit 6.

*Sharma's Continued Operation of the Service*

9. NagraStar notified Sharma in writing on September 27, 2023 that he must cease and desist from providing the Service because it infringed on Plaintiffs' rights. A copy of the notice that NagraStar sent on behalf of DISH is attached as Exhibit 7. The Service, however, has continued to operate, as shown in the declarations of Gregory Duval and Nigel Jones. In fact, on December 28, 2023, Sharma established a new website at sharmaiptv.com to provide the Service, as shown in the WHOIS report attached in relevant part as Exhibit 8 and the screenshots attached as Exhibit 9 which show the website before it was taken down.

10. NagraStar received from an anonymous source copies of communications between Sharma and his business advisors regarding the Service, which were exchanged via the WhatsApp messaging application, attached as Exhibits 10-11. Sharma states in these communications that he will continue operating the Service, despite receiving notice to cease and desist, and that he plans to place responsibility on his ex-wife should DISH contact him again, stating for example:

    a. "By the time [Plaintiffs] try to do something, it will take years. Why lose out on the profit." (Ex. 10.)

    b. "If they contact me again, [I']ll just put it on my b**ch ex. I can tell them that she was running it under my name." (Ex. 11.) Sharma was divorced from his ex-wife on or about September 8, 2021, as shown in the Contra Costa County case docket attached as Exhibit 12 that identifies, among other things, an order temporarily restraining Sharma from coming within

100 yards of his ex-wife or contacting her in anyway.

11. Based on my experience investigating piracy cases, there is a substantial likelihood that Defendants will attempt to conceal their ongoing operation of the Service from Plaintiffs and hide or otherwise dissipate their assets to prevent Plaintiffs from recovering those assets or to fund other piracy operations that are similar to the Service. In addition to Sharma's statements quoted in paragraph 10, Sharma also did the following after receiving DISH's cease and desist notice:

   a. Sharma instructed users to lie about the nature of their payments by directing them not to reference "Sharma IPTV or IPTV anywhere" when sending payment for the Service and to instead reference something that is unrelated to the Service such as astrology consultation. (Arguello Decl. Ex. 1 at 15, 18; Timmermans Decl. Ex. 1 at 17.)

   b. Sharma instructed users to delete evidence of prior sales of the Service in the form of Google reviews that users provided for Defendants because the Service "is not legal" and "dish or direct TV can give me and partners trouble." (Timmermans Decl. Ex. 1 at 9-10.)

   c. Sharma refunded a purchase of the Service where the payee had a Colorado address and American name, having been advised to "Ship only to desis" and "do not ship anything to colorado (where Plaintiffs are located) or white people." (Arguello Decl. Ex. 1 at 5, 10; Ex. 11.)

   d. Sharma stopped using a United States-based payment processor, PayPal, to receive payments for the Service because "Dish and some other companies have been catching people" and instead started directing Service users to send payment to a person located abroad that is collecting money for him through a UK-based payment processor. (Timmermans Decl. Ex. 1 at 23-26.)

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 7, 2024.

_____
Yves Remillard

---

Declaration of Yves Remillard
Case No. 3:24-cv-00961-JSC                 4