# EXHIBIT 1

United States District Court
Southern District of Texas
**ENTERED**
August 14, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C. and | § | |
| SLING TV L.L.C., | § | CIVIL ACTION NO. |
| | § | 4:21-cv-2384 |
| Plaintiffs, | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| JUAN BARCAN and | § | |
| JUAN NAHUEL PEREYRA, | § | |
| individually and collectively | § | |
| d/b/a Live-nba.stream, Freefeds.com, | § | |
| Sportsbay.org, and Sportsbay.tv, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Having considered the Resubmitted Motion for Default Judgment filed by Plaintiffs DISH NETWORK L.L.C. and SLING TV L.L.C. ("Plaintiffs") (Dkt. 32, the "Motion"), it is HEREBY ORDERED, ADJUDGED, and DECREED that:

Plaintiffs' Motion is GRANTED.

1. Pursuant to Federal Rule of Civil Procedure 55(b)(2), default judgment is entered in this matter against Defendants Juan Barcan and Juan Nahuel Pereyra ("Defendants") on Plaintiffs' claims for violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201(a)(1)(A) and 1201(a)(2) (Counts I and II).

2. Plaintiffs are awarded $493,850,000 in statutory damages against Defendants, jointly and severally, for Defendants' 2,469,250 violations of section 1201(a)(2) of the DMCA.

3.      Defendants and any of their employees, agents, servants, officers, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order, are permanently enjoined from:

a)      circumventing a DRM or any other technological protection measure that controls access to Sling or DISH programming, including through the use of websites or any similar internet streaming service;

b)      manufacturing, offering to the public, providing, or otherwise trafficking in any technologies, products, or services, including through the use of websites providing pirated content, or any other service, technology, product, device, component, website, or part thereof that:

i.      is primarily designed or produced for circumventing a technological measure employed by Plaintiffs that controls access to, copying, or the distribution of copyrighted works;

ii.      has only limited commercially significant purpose or use other than circumventing a technological measure employed by Plaintiffs that controls access to, copying, or the distribution of copyrighted works;

iii.      is marketed for purposes of circumventing a technological measure employed by Plaintiffs that controls access to, copying, or the distribution of copyrighted works; and

c)      receiving or assisting others in receiving Sling or DISH programming.

So ordered.

Signed on August 11, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DISH NETWORK L.L.C.
and NAGRASTAR LLC,

      Plaintiffs,

      v.

PETER LIBERATORE, BRANDON
WELLS, DROID TECHNOLOGY LLC,
and TAMPA BAY MARKETING
SERVICES, INC., individually and
collectively d/b/a www.simply-tv.com,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
/

Civil Case No. 8:19-cv-672-T-02AEP

**FILED UNDER SEAL**

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, PRESERVATION ORDER, AND ASSET FREEZE

Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar", and, collectively with DISH, "Plaintiffs") have filed an *Ex Parte* Motion for Temporary Restraining Order, Preservation Order, and Asset Freeze pursuant to 47 U.S.C. § 605(e)(3)(B)(i) and Fed. R. Civ. P. 65, setting forth credible allegations that Defendants Peter Liberatore, Brandon Wells, Droid Technology LLC, and Tampa Bay Marketing Services, Inc. (collectively "Defendants") have been, directly and through their affiliate and reseller network, operating a pirate streaming service known as "Simply-TV" which has been retransmitting various DISH channels without authorization from DISH.

This Court, having considered Plaintiffs' Complaint, *Ex Parte* Motion for Temporary Restraining Order, Preservation Order, and Asset Freeze, the supporting declarations, the Court's files, and the applicable law, finds that:

1

1.     Plaintiffs are likely to succeed in showing that Defendants are violating section 605(e)(4) of the Communications Act by knowingly distributing pirate streaming devices, services and/or software that are primarily of assistance in the unauthorized reception of DISH's satellite programming;

2.     DISH is likely to succeed in showing that Defendants are violating section 605(a) of the Communications Act by assisting others in receiving DISH's satellite programming without authorization for Defendants' benefit and the benefit of others;

3.     The continued distribution of the forgoing pirate streaming devices, services and/or software will result in immediate and irreparable injury to Plaintiffs if a temporary restraining order, preservation order, and asset freeze is not ordered;

4.     The resulting harm to Plaintiffs in not granting the temporary restraining order, preservation order, and asset freeze outweighs any injury this relief will cause to Defendants;

5.     The public interest will be served by entering a temporary restraining order, preservation order, and asset freeze;

6.     Entry of an *ex parte* order is warranted because Defendants have an extensive history of serious felonies, as well as a history of violating court orders.  Additionally, DISH presented evidence of numerous occasions where similar satellite television pirates have destroyed relevant evidence after receiving notice of legal proceedings filed against them.  Based on the foregoing, the Court finds that *ex parte* relief and a preservation order are necessary because there is a real and substantial risk that, absent an express order by the Court requiring evidence preservation under penalty of contempt, evidence critical to Plaintiffs' case against Defendants would be destroyed, concealed, or transferred, thus frustrating the ultimate relief Plaintiffs seek in this action.

**THEREFORE**, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that, pending a preliminary injunction hearing to be held as set forth below, Defendants and any of their officers, agents, servants, employees, and those acting in active concert or participation with them, including affiliates and resellers, who receive actual notice of this Order are **ENJOINED** and must **RESTRAIN** from directly or indirectly:

(a)     receiving or assisting others in receiving DISH programming without authorization by DISH;

(b)     operating the websites www.simply-tv.com, https://store.simply-tv.com, and www.setvnow.net;

(c)     manufacturing, assembling, modifying, importing, exporting, selling, distributing, or otherwise trafficking in the Simply-TV streaming service, Simply-TV set-top boxes, Simply-TV related software, applications, and/or device codes, Android TV boxes, other set-top boxes or android devices capable of receiving the Simply-TV streaming service, or any other technology, product, service, device, component, application, passcode, or part thereof that is primarily of assistance in the unauthorized reception of DISH programming;

(d)     hosting or otherwise supporting any website that advertises, promotes, offers, sells, or otherwise traffics in the Simply-TV streaming service, Simply-TV set-top boxes, Simply-TV related software, applications, and/or device codes, Android TV boxes, or other set-top boxes or android devices capable of receiving the Simply-TV streaming service;

3

(e)    destroying, concealing, hiding, modifying, or transferring:

    i.    any computers or computer servers that have been used, are being used, or that are capable of being used to support the Simply-TV pirate streaming service;

    ii.    any satellite receivers, smart cards, and satellite dishes, including DISH receiving equipment, that have been used, are being used, or that are capable of being used to support the Simply-TV pirate streaming service;

    iii.    any Simply-TV software, applications, and/or device codes, including any devices capable of storing such software, applications or device codes such as computers or external storage devices such as thumb drives and diskettes;

    iv.    any Simply-TV set-top boxes, Android TV boxes, or other set-top boxes or android devices capable of receiving the Simply-TV streaming service; and

    v.    any books, documents, files, records, or communications whether in hard copy or electronic form, relating in any way to the Simply-TV streaming service, set-top boxes, android devices, and related software, applications, and/or device codes or any other service or device that is used in satellite television piracy, including the identities of manufacturers, exporters, importers, dealers, or purchasers of such services and devices, or persons involved in operating the Simply-TV server; and

(f)    transferring, removing, encumbering, or permitting withdrawal of any assets or property belonging to or under the management or control of any Defendant, whether real or personal, tangible or intangible, including cash, bank accounts of any kind, including any account on which any Defendant is a signatory, stock accounts, bonds, title to any Defendant's business property, including any assets or

property owned, held, managed, or controlled by Overtime Records LLC, NJ International Entertainment LLC, NJ International Entertainment Trust, IHMAA LLC, IHMAA Irrevocable Trust, SET TV NOW LLC, WPMMS LLC, and Southeast Consumer Expo's LLC, including but not limited to the following accounts:

i. checking account in the name of Peter Liberatore at Fifth Third Bank;

ii. checking account in the name of Droid Technology LLC at Fifth Third Bank;

iii. checking account in the name of Droid Technology LLC at Wells Fargo Bank;

iv. checking account in the name of Brandon Wells at Sun Trust Bank;

v. account in the name of Overtime Records, LLC at Fifth Third Bank; and

vi. account in the name of Southeast Consumer Expos LLC at Wells Fargo Bank;

**IT IS FURTHER ORDERED** that no later than three (3) court days following service of this Order, Defendants must provide Plaintiffs a written accounting of all assets and property belonging to Defendants, which in the case of any bank account shall include the account name, number, current balance, and location of the bank or other custodian holding such account;

**IT IS FURTHER ORDERED** that the bond to be posted by DISH is zero dollars;

**IT IS FURTHER ORDERED** that service of a copy of this Order, Plaintiffs' Complaint, *Ex Parte* Motion for Temporary Restraining Order, Preservation Order, and Asset Freeze, and all supporting documents shall be made upon Defendants in a manner consistent with Fed. R. Civ. P.

4, except that Plaintiffs are permitted to serve redacted copies of the Investigator Declaration in order to protect the identity and safety of the witness;

**IT IS FURTHER ORDERED** that upon service of this Order on all Defendants, Plaintiff shall notify the Clerk and that the temporary seal placed upon this case shall be lifted. Within seven (7) days of this Order being served on all Defendants, Plaintiffs may show cause why any pleading in this matter should remain under seal;

**IT IS FURTHER ORDERED** that Defendants shall show cause before the United States District Court, Middle District of Florida, Tampa Division, which is located at 801 North Florida Ave., Tampa, Florida 33602, Court Room No. 15B, **on April 4, 2019 at 1:30 p.m.** or as soon thereafter as counsel can be heard, why an order should not be entered granting Plaintiffs' a **PRELIMINARY INJUNCTION** in the above form; and

**IT IS FURTHER ORDERED** that Defendants' answering papers shall be filed with the Court and served on counsel for Plaintiffs **before April 2, 2019** and that Plaintiffs shall file and serve any reply **no later than April 3, 2019**.

**IT IS FURTHER ORDERED** that this restraining order takes effect immediately and shall remain in effect pending the above show cause hearing or further order of this Court. **Defendants are warned that any act by them in violation of any of the terms of this Order after proper notice to them may be considered and prosecuted as contempt of this Court.**

**IT IS SO ORDERED:**

s/*William F. Jung*

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE


DATED: March 20, 2019

6

Case 8:19-cv-00672-WFJ-AEP Document 23-1 Filed 04/08/19 Page 1 of 29 PageID 799

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C.<br>and NAGRASTAR LLC, | ) | Civil Case No. 8:19-cv-672-T-02AEP |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETER LIBERATORE, BRANDON<br>WELLS, DROID TECHNOLOGY LLC,<br>and TAMPA BAY MARKETING<br>SERVICES, INC., individually and<br>collectively d/b/a www.simply-tv.com, | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

**PRELIMINARY INJUNCTION**

On March 20, 2019, the Court issued an *ex parte* Temporary Restraining Order, Preservation Order and Asset Freeze ("TRO") pursuant to 47 U.S.C. § 605(e)(3)(B)(i) and Fed. R. Civ. P. 65 as to Defendants Peter Liberatore and Brandon Wells individually, and doing business through Defendants Droid Technology LLC and Tampa Bay Marketing Services, Inc. (collectively "Defendants"). The TRO ordered Defendants to appear in person on April 4, 2019 at 1:30 PM to "show cause…why an order should not be entered granting Plaintiffs' a preliminary injunction" on the same terms set out in the TRO. Plaintiffs appeared through counsel at the show cause hearing on April 4, 2019, but despite each of the Defendants being served (personal service on Defendants Liberatore and Wells, and service through the designated registered agent on Defendants Droid Technology LLC and Tampa Bay Marketing Services, Inc.), none of the Defendants appeared as ordered. As set forth more fully below, the Court now converts the TRO into the following Preliminary Injunction.

1

The Court, having considered Plaintiffs' Complaint, *Ex Parte* Motion for Temporary Restraining Order, Preservation Order, and Asset Freeze, the supporting declarations, the Court's files, the Defendants failure to appear as ordered at the show cause hearing, and the applicable law, finds that:

1. Plaintiffs are likely to succeed in showing that Defendants are violating section 605(e)(4) of the Communications Act by knowingly distributing pirate streaming devices, services and/or software that are primarily of assistance in the unauthorized reception of DISH's satellite programming;

2. Plaintiffs are likely to succeed in showing that Defendants are violating section 605(a) of the Communications Act by assisting others in receiving DISH's satellite programming without authorization for Defendants' benefit and the benefit of others;

3. The continued distribution of the forgoing pirate streaming devices, services and/or software will result in immediate and irreparable injury to Plaintiffs if a temporary restraining order, preservation order, and asset freeze is not ordered;

4. The resulting harm to Plaintiffs in not granting a preliminary injunction, preservation order, and asset freeze outweighs any injury this relief will cause to Defendants;

5. The public interest will be served by entering a preliminary injunction, preservation order, and asset freeze;

**THEREFORE,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that Defendants and any of their officers, agents, servants, employees, and those acting in active concert or participation with them, including affiliates and resellers, who receive actual notice of this Order are **ENJOINED** and must **RESTRAIN** from, directly or indirectly:

2

(a)     receiving or assisting others in receiving DISH programming without authorization by DISH;

(b)     operating the websites www.simply-tv.com, https://store.simply-tv.com, and www.setvnow.net;

(c)     manufacturing, assembling, modifying, importing, exporting, selling, distributing, or otherwise trafficking in the Simply-TV streaming service, Simply-TV set-top boxes, Simply-TV related software, applications, and/or device codes, Android TV boxes, other set-top boxes or android devices capable of receiving the Simply-TV streaming service, or any other technology, product, service, device, component, application, passcode, or part thereof that is primarily of assistance in the unauthorized reception of DISH programming;

(d)     hosting or otherwise supporting any website that advertises, promotes, offers, sells, or otherwise traffics in the Simply-TV streaming service, Simply-TV set-top boxes, Simply-TV related software, applications, and/or device codes, Android TV boxes, or other set-top boxes or android devices capable of receiving the Simply-TV streaming service;

(e)     destroying, concealing, hiding, modifying, or transferring:

   i.     any computers or computer servers that have been used, are being used, or that are capable of being used to support the Simply-TV pirate streaming service;

   ii.     any satellite receivers, smart cards, and satellite dishes, including DISH receiving equipment, that have been used, are being used, or that are capable of being used to support the Simply-TV pirate streaming service;

3

iii.  any Simply-TV software, applications, and/or device codes, including any devices capable of storing such software, applications or device codes such as computers or external storage devices such as thumb drives and diskettes;

iv.  any Simply-TV set-top boxes, Android TV boxes, or other set-top boxes or android devices capable of receiving the Simply-TV streaming service; and

v.  any books, documents, files, records, or communications whether in hard copy or electronic form, relating in any way to the Simply-TV streaming service, set-top boxes, android devices, and related software, applications, and/or device codes or any other service or device that is used in satellite television piracy, including the identities of manufacturers, exporters, importers, dealers, or purchasers of such services and devices, or persons involved in operating the Simply-TV server; and

(f)  transferring, removing, encumbering, or permitting withdrawal of any assets or property belonging to or under the management of any Defendant, whether real or personal, tangible or intangible, including cash, bank accounts of any kind, stock accounts, bonds, title to any Defendant's business property, including any assets or property owned, held, or managed by Overtime Records LLC, NJ International Entertainment LLC, NJ International Entertainment Trust, IHMAA LLC, IHMAA Irrevocable Trust, SET TV NOW LLC, WPMMS LLC, and Southwest Consumer Expo's LLC, or any other entity over which any Defendant has control or is listed as an authorized signatory for purposes of the financial accounts;

4

**IT IS FURTHER ORDERED** that the bond to be posted by DISH is zero dollars;

**IT IS FURTHER ORDERED** that service of a copy of this Order shall be made upon Defendants in any manner consistent with Fed. R. Civ. P. 4;

**IT IS FURTHER ORDERED** that this Preliminary Injunction takes effect immediately and shall remain in effect pending further order of this Court. **Defendants are warned that any act by them in violation of any of the terms of this Order after proper notice to them may be considered and prosecuted as contempt of this Court**.


**IT IS SO ORDERED:**


HONORABLE WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

DATED: _____April 8th 2019_____

5

# EXHIBIT 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C. and NAGRASTAR LLC, | ) ) ) Civil Case No. 8:18-cv-1332-T-33AAS ) |
| Plaintiffs, | ) ) **FILED UNDER SEAL** ) |
| v. | ) ) |
| NELSON JOHNSON, JASON LABOSSIERE, SET BROADCAST LLC, STREAMING ENTERTAINMENT TECHNOLOGY LLC, DOE 1, as Trustee for Chateau Living Revocable Trust, and DOE 2, as Trustee for Macromint Trust, individually and collectively d/b/a www.setvnow.com, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) / |

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL CLERK OF COURT UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA BY _____ DEPUTY CLERK

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, PRESERVATION ORDER, AND ASSET FREEZE

Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar", and, collectively with DISH, "Plaintiffs") have filed an *Ex Parte* Motion for Temporary Restraining Order, Preservation Order, and Asset Freeze pursuant to 47 U.S.C. § 605(e)(3)(B)(i) and Fed. R. Civ. P. 65 alleging that Defendants Nelson Johnson, Jason LaBossiere, Streaming Entertainment Technology L.L.C., SET Broadcast LLC, Doe 1 (as trustee for Macromint Trust), and Doe 2 (as trustee for Chateau Living Revocable Trust) (collectively "Defendants") have been, directly and through their affiliate and reseller network, operating a pirate streaming service known as "SET TV" which has been retransmitting various DISH channels without authorization from DISH.

1

This Court, having considered Plaintiffs' Complaint, *Ex Parte* Motion for Temporary Restraining Order, Preservation Order, and Asset Freeze, the supporting declarations, the Court's files, and the applicable law, finds that:

1.      Plaintiffs are likely to succeed in showing that Defendants are violating section 605(e)(4) of the Communications Act by knowingly distributing pirate streaming devices, services and/or software that are primarily of assistance in the unauthorized reception of DISH's satellite programming;

2.      DISH is likely to succeed in showing that Defendants are violating section 605(a) of the Communications Act by assisting others in receiving DISH's satellite programming without authorization for Defendants' benefit and the benefit of others;

3.      The continued distribution of the forgoing pirate streaming devices, services and/or software will result in immediate and irreparable injury to Plaintiffs if a temporary restraining order, preservation order, and asset freeze is not ordered;

4.      The resulting harm to Plaintiffs in not granting the temporary restraining order, preservation order, and asset freeze outweighs any injury this relief will cause to Defendants;

5.      The public interest will be served by entering a temporary restraining order, preservation order, and asset freeze;

6.      Entry of an *ex parte* order is warranted because Defendants have an extensive history of serious felonies, including Defendant Johnson's felony conviction for tampering with evidence, as well as a history of violating court orders. Additionally, DISH presented evidence of numerous occasions where similar satellite television pirates have destroyed relevant evidence after receiving notice of legal proceedings filed against them. Based on the foregoing, the Court finds that *ex parte* relief and a preservation order are necessary because there is a real and

2

substantial risk that, absent an express order by the Court requiring evidence preservation under penalty of contempt, evidence critical to Plaintiffs' case against Defendants would be destroyed, concealed, or transferred, thus frustrating the ultimate relief Plaintiffs seek in this action.

THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED that, pending a preliminary injunction hearing to be held before the Magistrate Judge, Defendants and any of their officers, agents, servants, employees, and those acting in active concert or participation with them, including affiliates and resellers, who receive actual notice of this Order are ENJOINED and must RESTRAIN from directly or indirectly:

(a)   receiving or assisting others in receiving DISH programming without authorization by DISH;

(b)   operating the websites www.setvnow.com, https://store.setvnow.com, https://affiliate.setvnow.com, and https://reseller.setbroadcast.com;

(c)   manufacturing, assembling, modifying, importing, exporting, selling, distributing, or otherwise trafficking in the SET TV streaming service, SET TV set-top boxes, SET TV related software, applications, and/or passcodes, A-Box set-top boxes, Setplex set-top boxes, other set-top boxes capable of receiving the SET TV streaming service, or any other technology, product, service, device, component, application, passcode, or part thereof that is primarily of assistance in the unauthorized reception of DISH programming;

(d)   hosting or otherwise supporting any website that advertises, promotes, offers, sells, or otherwise traffics in the SET TV streaming service, SET TV set-top boxes, SET TV related software, applications, and/or passcodes, A-Box set-top boxes, Setplex

set-top boxes, other set-top boxes capable of receiving the SET TV streaming service;

(e)      destroying, concealing, hiding, modifying, or transferring:

    i.      any computers or computer servers that have been used, are being used, or that are capable of being used to support the SET TV pirate streaming service;

    ii.     any satellite receivers, smart cards, and satellite dishes, including DISH receiving equipment, that have been used, are being used, or that are capable of being used to support the SET TV pirate streaming service;

    iii.    any SET TV software, applications, and/or passcodes, including any devices capable of storing that software and/or applications such as computers or external storage devices such as thumb drives and diskettes;

    iv.     any SET TV set-top boxes, A-Box set-top boxes, Setplex set-top boxes, or other set-top boxes capable of receiving the SET TV streaming service; and

    v.      any books, documents, files, records, or communications whether in hard copy or electronic form, relating in any way to the SET TV streaming service, set-top boxes, and related software and passcodes, or any other service or device that is used in satellite television piracy, including the identities of manufacturers, exporters, importers, dealers, or purchasers of such services and devices, or persons involved in operating the SET TV server; and

(f)      transferring, removing, encumbering, or permitting withdrawal of any assets or property belonging to or under the management of any Defendant, whether real or personal, tangible or intangible, including cash, bank accounts of any kind, stock accounts, bonds, title to any Defendant's business property, including any assets or

4

property owned, held, or managed by Macromint Trust or Chateau Living Revocable Trust.

**IT IS FURTHER ORDERED** that no later than three (3) court days following service of this Order, Defendants must provide Plaintiffs a written accounting of all assets and property belonging to Defendants, which in the case of any bank account shall include the account name, number, current balance, and location of the bank or other custodian holding such account;

**IT IS FURTHER ORDERED** that the bond to be posted by DISH is zero dollars;

**IT IS FURTHER ORDERED** that service of a copy of this Order, Plaintiffs' Complaint, *Ex Parte* Motion for Temporary Restraining Order, Preservation Order, and Asset Freeze, and all supporting documents shall be made upon Defendants in a manner consistent with Fed. R. Civ. P. 4, except that Plaintiffs are permitted to serve redacted copies of the Investigator Declaration and CI Declaration in order to protect the identities and safety of these witnesses;

**IT IS FURTHER ORDERED** that upon service of this Order on all Defendants, Plaintiff shall notify the Clerk and that the temporary seal placed upon this case shall be lifted. Within seven (7) days of the entry of this Order, Plaintiffs may show cause why any pleading in this matter should remain under seal;

**IT IS FURTHER ORDERED** that Plaintiffs' request for a Preliminary Injunction is hereby referred to the Honorable Amanda Arnold Sansone, United States Magistrate Judge, for the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Sansone will set a hearing as well as deadline for Defendants to respond to the request for a Preliminary Injunction.

**IT IS FURTHER ORDERED** that this restraining order takes effect immediately and shall remain in effect pending a hearing before Judge Sansone, or further order of this Court.

Defendants are warned that any act by them in violation of any of the terms of this Order after proper notice to them may be considered and prosecuted as contempt of this Court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 4th day of June, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY:
DEPUTY CLERK

6

Case 3:24-cv-00061-JSC   Document 8-1   Filed 02/20/24   Page 24 of 29

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISH NETWORK L.L.C.
and NAGRASTAR LLC,                    Case No. 8:18-cv-1332-T-33AAS

          Plaintiffs,

v.

NELSON JOHNSON, JASON
LABOSSIERE, SET BROADCAST
LLC, STREAMING ENTERTAINMENT
TECHNOLOGY LLC, DOE 1, as
Trustee for Chateau Living
Revocable Trust, and DOE 2,
as Trustee for Macromint
Trust, individually and
collectively d/b/a
www.setvnow.com,

          Defendants.

_____

**ORDER**

This matter comes before the Court pursuant to the Report and
Recommendation of the Honorable Amanda Arnold Sansone, United
States Magistrate Judge (Doc. # 58), filed on June 29, 2018.
Therein, Judge Sansone recommends granting Plaintiffs' Motion for
Preliminary Injunction (Doc. # 3), granting in part and denying in
part Defendants' construed Motion for relief from the current
temporary restraining order (Doc. # 48), as well as other relief.

The Court recognizes that parties are afforded a 14-day period
for lodging objections to a Report and Recommendation. However,
in this case, all parties have advised the Court that they do not

1

object to any term of the June 29, 2018, Report and Recommendation. See Doc. ## 61, 62. As explained below, the Court adopts the Report and Recommendation.

## Discussion

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge and the recommendation of the magistrate judge.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

2

(1)  The Report and Recommendation of the Honorable Amanda Arnold Sansone, United States Magistrate Judge (Doc. # 58) is **ACCEPTED** and **ADOPTED** in all respects.

(2)  The Plaintiffs' Motion for Preliminary Injunction (Doc. # 3) is **GRANTED**.

(3)  The Defendants' construed motion for relief from the current temporary restraining order (Doc. # 48) is **GRANTED** to the extent that the Defendants request modification to the asset freeze language to provide flexibility for the release of funds upon the Plaintiffs' authorization. To the extent the construed motion seeks broader relief, the Defendants' motion is **DENIED**.

(4)  The Court enters the parties' Consent Preliminary Injunction:

Defendants and any of their officers, agents, servants, employees, and those acting in active concert or participation with them, including affiliates and resellers, who receive actual notice of this Order are **ENJOINED** and must **RESTRAIN** from directly or indirectly:

(a)  receiving or assisting others in receiving DISH programming without authorization by DISH;

(b)  operating the websites www.setvnow.com, https://store.setvnow.com,

3

https://affiliate.setvnow.com, and https://reseller.setbroadcast.com;

(c) manufacturing, assembling, modifying, importing, exporting, selling, distributing, or otherwise trafficking in the SET TV streaming service, SET TV set-top boxes, SET TV related software, applications, and/or passcodes, A-Box set-top boxes, Setplex set-top boxes, other set-top boxes capable of receiving the SET TV streaming service, or any other technology, product, service, device, component, application, passcode, or part thereof that is primarily of assistance in the unauthorized reception of DISH programming;

(d) hosting or otherwise supporting any website that advertises, promotes, offers, sells, or otherwise traffics in the SET TV streaming service, SET TV set-top boxes, SET TV related software, applications, and/or passcodes, A-Box set-top boxes, Setplex set-top boxes, other set-top boxes capable of receiving the SET TV streaming service;

(e) destroying, concealing, hiding, modifying, or transferring:

    i. any computers or computer servers that have been used, are being used, or that are capable of being used to support the SET TV pirate streaming service;

4

ii. any satellite receivers, smart cards, and satellite dishes, including DISH receiving equipment, that have been used, are being used, or that are capable of being used to support the SET TV pirate streaming service;

iii. any SET TV software, applications, and/or passcodes, including any devices capable of storing that software and/or applications such as computers or external storage devices such as thumb drives and diskettes;

iv. any SET TV set-top boxes, A-Box set-top boxes, Setplex set-top boxes, or other set-top boxes capable of receiving the SET TV streaming service; and

v. any books, documents, files, records, or communications whether in hard copy or electronic form, relating in any way to the SET TV streaming service, set-top boxes, and related software and passcodes, or any other service or device that is used in satellite television piracy, including the identities of manufacturers, exporters, importers, dealers, or purchasers of such services and devices, or persons involved in operating the SET TV server.

(f) transferring, removing, encumbering, or permitting withdrawal of any assets or property belonging to or under the management of any Defendant, whether real or

5

personal, tangible or intangible, including cash, bank accounts of any kind, stock accounts, bonds, title to any Defendant's business property, including any assets or property owned, held, or managed by Macromint Trust or Chateau Living Revocable Trust. A financial institution or other person may unfreeze any asset covered by this section upon prior written authorization by Plaintiffs. Plaintiffs must promptly file notice of any such authorization.

**Defendants are warned that any act by them in violation of any of the terms of this Order after proper notice to them may be considered and prosecuted as contempt of this Court.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of July, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE