Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Attorney for Plaintiffs DISH Network L.L.C.
and Sling TV L.L.C.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C. and SLING TV L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> VANEET SHARMA and ASTRO VASTU SOLUTIONS LLC, <br><br> Defendants. | Case No. 3:24-cv-00961-JSC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Pursuant to Federal Rule of Civil Procedure 65 and the Digital Millennium Copyright Act, 17 U.S.C. § 1203(b)(1) ("DMCA"), Plaintiffs DISH Network L.L.C. and Sling TV L.L.C. move for a preliminary injunction against Defendants Vaneet Sharma and Astro Vastu Solutions LLC. This Court, having considered Plaintiffs' motion, supporting declarations, and the applicable law, **GRANTS** Plaintiffs' motion and **ORDERS** as follows:

1. In accordance with Fed. R. Civ. P. 65(d)(1)(A), the reasons for the Court's issuance of this preliminary injunction are:

   a. Plaintiffs are likely to succeed in showing that Defendants violated sections 1201(a)(2) and 1201(b)(1) of the DMCA by trafficking in the internet streaming television service known as Sharma IPTV (the "Service"), which circumvents Plaintiffs' digital rights management technology and its corresponding protections to gain unauthorized access to Plaintiffs' television

1  channels and then retransmits Plaintiffs' channels, without authorization, to users that purchase the
2  Service from Defendants.

3        b.      Plaintiffs are likely to suffer irreparable harm if Defendants are not enjoined
4  from trafficking in the Service, including lost subscription revenues and damage to their reputations
5  and goodwill that are difficult to measure or quantify. Plaintiffs are also likely to suffer irreparable
6  harm if Defendants' assets are not frozen because Defendants are likely to dissipate such assets and
7  thereby frustrate Plaintiffs' ability to disgorge Defendants' profits as damages under the DMCA,
8  and because, if not frozen, Defendants are likely to use their assets to fund other piracy operations
9  while this action is pending.

10        c.      The injury to Plaintiffs in not granting the preliminary injunction and asset
11  freeze outweighs any harm that the injunction and asset freeze will cause Defendants;

12        d.      The public interest is served by granting the preliminary injunction and asset
13  freeze because it enforces federal law embodied in the anti-piracy provisions of the DMCA.

14      2.    In accordance with Fed. R. Civ. P. 65(d)(1)(B)-(C) and (d)(2), Defendants, and any
15  officer, agent, servant, employee, or other person acting in active concert or participation with them
16  that receives actual notice of the order, are **ENJOINED** from:

17        a.      Manufacturing, offering to the public, providing, or otherwise trafficking in
18  the Service or any other technology, product, service, device, component, or part thereof that:

19            i.      is primarily designed or produced for the purpose of circumventing
20  any DRM technology or other technological measure that Plaintiffs use to control access to or
21  protect against copying of a copyrighted work;

22            ii.      has only limited commercially significant purpose or use other than
23  circumventing any DRM technology or other technological measure that Plaintiffs use to control
24  access to or protect against copying of a copyrighted work;

25            iii.      is marketed for use in circumventing any DRM technology or other
26  technological measure that Plaintiffs use to control access to or protect against copying of a
27  copyrighted work.

28      3.    It is further ordered that Defendants are **ENJOINED** from transferring, removing,

encumbering, or permitting the withdrawal of any assets or property belonging to or under the management of Defendants, whether real or personal, tangible or intangible, including cash, virtual currency, financial or investment accounts of any kind, or title to any property. The asset freeze will exclude funds that Defendants require to pay their legal fees in this action and other reasonable and necessary business and personal expenses, as approved by Plaintiffs or the Court.

4. Defendants must provide a complete and accurate accounting of their assets within 10 days of the date of this order.

5. The security requirement under Fed. R. Civ. P. 65(c) is set at zero dollars.

6. This preliminary injunction and asset freeze shall take effect immediately and shall remain in effect until further order of this Court. Defendants are hereby warned that any actions by them in violation of this Order after proper notice may be considered and prosecuted as contempt of this Court.

**IT IS SO ORDERED.**

Hon. Jacqueline Scott Corley
United States District Judge